1   McGREGOR W. SCOTT
    United States Attorney
2   KATHERINE E. SCHUH
    Assistant United States Attorney
3   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
4   Telephone: (559) 497-4000
    Facsimile:  (559) 497-4099
5

6   Attorneys for Plaintiff
    United States of America
7

8                      IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:19-CR-00108-DAD-BAM

12                     Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13           v.                            FINDINGS AND ORDER

14  ALEJANDRO CABRERA-GALLEGOS,            DATE: September 8, 2020
                                           TIME: 8:30 a.m.
15                     Defendant.          COURT: Hon. Dale A. Drozd

16

17          This case is set for trial on September 8, 2020.  On April 17, 2020, this Court issued General

18  Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence

19  before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.

20  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern

21  District of California until further notice.  These and previous General Orders were entered to address

22  public health concerns related to COVID-19.

23          Although the General Orders address the district-wide health concern, the Supreme Court has

24  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

25  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

26  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

27  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

28  509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

1  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

2  or in writing").

3        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

4  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

5  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

6  the ends of justice served by taking such action outweigh the best interest of the public and the

7  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

8  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

9  ends of justice served by the granting of such continuance outweigh the best interests of the public and

10  the defendant in a speedy trial."  *Id.*

11        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

12  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

13  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

14  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

15  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

16  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

17  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

18  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

19  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20        In light of the societal context created by the foregoing, this Court should consider the following

21  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

22  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

23  for the trial.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

24  continuance must be "specifically limited in time").

25                                    **STIPULATION**

26        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

27

28      [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  through defendant's counsel of record, hereby stipulate as follows:

2        1.      By previous order, this matter was set for trial on September 8, 2020.

3        2.      By this stipulation, defendant now moves to continue the jury trial until December 8,

4  2020, and to exclude time between September 8, 2020, and December 8, 2020, under Local Code T4.

5        3.      The parties agree and stipulate, and request that the Court find the following:

6        a)      The government has represented that the discovery associated with this case

7  includes investigative reports, audio and video recordings, lab reports, and related documents.

8  All of this discovery has been either produced directly to counsel and/or made available for

9  inspection and copying.

10       b)      Counsel for defendant desires additional time conduct investigation, prepare for

11 trial, and discuss a potential resolution with his client.

12       c)      Counsel for defendant believes that failure to grant the above-requested

13 continuance would deny him/her the reasonable time necessary for effective preparation, taking

14 into account the exercise of due diligence.

15       d)      The government does not object to the continuance.

16       e)      In addition to the public health concerns cited by General Order 617, and

17 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

18 this case because.

19       • Counsel for the defendant has had limited access to his client over the last several

20       months due to policies and procedures in place at Fresno County Jail during the

21       pandemic.  In addition, the defendant contracted COVID-19 during the outbreak

22       at FCJ and has only recently recovered.

23       • The trial involves individuals/witnesses with high-risk factors, such as age,

24       medical conditions, etc.

25       • The trial cannot be conducted by videoconferencing (or telephone conferencing if

26       videoconferencing is not reasonably available) pursuant to General Order 614

27       (CARES Act).

28       f)      Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 8, 2020 to December 8, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  August 3, 2020                        McGREGOR W. SCOTT
                                              United States Attorney


                                              /s/ KATHERINE E. SCHUH
                                              KATHERINE E. SCHUH
                                              Assistant United States Attorney


Dated:  August 3, 2020                        /s/ Gary Huss
                                              Gary Huss
                                              Counsel for Defendant
                                              ALEJANDRO CABRERA-
                                              GALLEGOS




## FINDINGS AND ORDER

IT IS SO ORDERED.

Dated:  __**August 4, 2020**__          _____
                                              UNITED STATES DISTRICT JUDGE