PHILLIP A. TALBERT
Acting United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00108-NONE-SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| ALEJANDRO CABRERA-GALLEGOS, | DATE: May 11, 2021 TIME: 8:30 a.m. COURT: Hon. Dale A. Drozd |
| Defendant. | |

This case is set for trial on May 11, 2021. By this stipulation, the parties now move to continue the trial to July 13, 2021, and to exclude time between May 11 2021 and July 13, 2021.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. These and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at

509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the trial. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

\\\

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for trial on May 11, 2021.

2.      By this stipulation, defendant now moves to continue the trial until May 11, 2021, and to exclude time between May 11, 2021, and July 13, 2021, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

      a)      The government has represented that the discovery associated with this case includes investigative reports, audio and video recordings, lab reports, and related documents. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b)      As a result of the public health emergency, defense counsel have limited access to his client. Counsel for defendant desires additional time conduct investigation, prepare for trial, and discuss a potential resolution with his client.

      c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)      The government does not object to the continuance.

      e)      In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because.

- Counsel for the defendant has had limited access to his client over the last several months due to policies and procedures in place at Fresno County Jail during the pandemic.

- The trial involves individuals/witnesses with high-risk factors, such as age, medical conditions, etc.

- The trial cannot be conducted by videoconferencing (or telephone conferencing if videoconferencing is not reasonably available) pursuant to General Order 614

1 (CARES Act).

2   f) Based on the above-stated findings, the ends of justice served by continuing the

3 case as requested outweigh the interest of the public and the defendant in a trial within the

4 original date prescribed by the Speedy Trial Act.

5   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

6 et seq., within which trial must commence, the time period of May 11, 2021 to July 13, 2021,

7 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

8 because it results from a continuance granted by the Court at defendant's request on the basis of

9 the Court's finding that the ends of justice served by taking such action outweigh the best interest

10 of the public and the defendant in a speedy trial.

11 \\\

12 \\\

13 \\\

14 \\\

15 \\\

16 \\\

17 \\\

18 \\\

19 \\\

20 \\\

21 \\\

22 \\\

23 \\\

24 \\\

25 \\\

26 \\\

27 \\\

28 \\\

1       4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4      IT IS SO STIPULATED.

5

6

7 Dated:  April 6, 2021                  PHILLIP A. TALBERT
                                         Acting United States Attorney

8

9                                       /s/ KATHERINE E. SCHUH
                                      KATHERINE E. SCHUH

10                                       Assistant United States Attorney

11

12 Dated:  April 6, 2021                    /s/ GARY HUSS

13                                       GARY HUSS
                                      Counsel for Defendant

14                                       ALEJANDRO CABRERA-
                                      GALLEGOS

15

16

17

18                             **FINDINGS AND ORDER**

19 IT IS SO ORDERED.

20      Dated:   **April 6, 2021**

21                                 UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28